1:16-cv-05160-LJL-GWG

21-2293
*Harge v. City of New York*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Dec 07 2022

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of December, two thousand twenty-two.

Present:
> DEBRA ANN LIVINGSTON,
>> *Chief Judge*,
> GUIDO CALABRESI,
> GERARD E. LYNCH,
>> *Circuit Judges.*

_____

POLICE OFFICER DANA HARGE,

> *Plaintiff-Appellant*,

v.   21-2293

CITY OF NEW YORK, SYLVESTER GE, CAPTAIN TIMOTHY MORGAN, INDIVIDUALLY, JOHN SANFORD, LIEUTENANT JONATHAN LIPKE, INDIVIDUALLY, LIEUTENANT MARK LEVINE INDIVIDUALLY, AND SERGEANT ADRIAN SANTIAGO, INDIVIDUALLY, SYLVESTER GE, IN THEIR OFFICIAL CAPACITY AS EMPLOYEES OF THE NEW YORK CITY POLICE DEPARTMENT, TIMOTHY MORGAN, IN THEIR OFFICIAL CAPACITY AS EMPLOYEES OF THE NEW YORK CITY POLICE DEPARTMENT, JOHN SANFORD, IN THEIR OFFICIAL CAPACITY AS EMPLOYEES OF THE NEW YORK CITY POLICE DEPARTMENT, JONATHAN LIPKE, IN THEIR OFFICIAL CAPACITY AS EMPLOYEES OF THE NEW YORK CITY POLICE DEPARTMENT, MARK LEVINE, IN THEIR OFFICIAL

CERTIFIED COPY ISSUED ON 12/07/2022

CAPACITY AS EMPLOYEES OF THE NEW YORK CITY
POLICE DEPARTMENT, ADRIAN SANTIAGO, IN THEIR
OFFICIAL CAPACITY AS EMPLOYEES OF THE NEW
YORK CITY POLICE DEPARTMENT,

       *Defendants-Appellees*,

| | |
|---|---|
| For Plaintiff-Appellant: | FRED LICHTMACHER, The Law Office of Fred Lichtmacher P.C., New York, NY. |
| For Defendants-Appellees: | LORENZO DI SILVIO (Richard Dearing & Claude S. Platton, *on the brief*), Assistant Corporation Counsel *for* Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, New York City Law Department, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Liman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED IN PART, VACATED IN PART,** and **REMANDED** to the district court for further proceedings consistent with this order.

Plaintiff-Appellant Dana Harge ("Harge"), an African American highway patrol officer for the New York City Police Department ("NYPD"), sued the City of New York and various of his supervisors (together, the "Defendants"), alleging that they banded together to tarnish his reputation after growing disturbed by the success of a black patrol officer. As part of their campaign of discrimination, Harge claims that the Defendants fabricated disciplinary actions against him, subjected him to heightened monitoring and scrutiny, and halted his promotional and career advancement. Harge now appeals from the district court's August 26, 2021 order granting the Defendants' motion for summary judgment on his race discrimination, hostile work environment, and retaliation claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*;

2

42 U.S.C. § 1983; and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107 *et seq.* ("NYCHRL"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's decision to grant summary judgment *de novo*, construing the evidence in the light most favorable to the party against whom summary judgment was granted and drawing all reasonable inferences in his favor. *Harris v. Miller*, 818 F.3d 49, 57 (2d Cir. 2016). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## I. Title VII and § 1983 Claims

### A. Discrimination

We analyze discrimination claims under Title VII and § 1983 under the familiar three-step burden-shifting framework articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). *See Littlejohn v. City of New York*, 795 F.3d 297, 312 (2d Cir. 2015). First, the plaintiff must establish a *prima facie* case of discrimination. *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 83 (2d Cir. 2015). If the plaintiff has established a *prima facie* case, the burden then "shifts to the employer to 'articulate some legitimate, nondiscriminatory reason' for the disparate treatment." *Id.* (quoting *McDonnell Douglas*, 411 U.S. at 802). "If the employer articulates such a reason for its actions, the burden shifts back to the plaintiff to prove that the employer's reason was in fact pretext for discrimination." *Id.* (internal quotation marks omitted).

In granting summary judgment in favor of the Defendants, the district court correctly held that only a subset of their actions could constitute adverse employment actions under federal law. *See Harge v. City of New York* (*Harge I*), No. 16 Civ. 5160 (LJL), 2021 WL 3855305, at *8–11 (S.D.N.Y. Aug. 26, 2021). Much of the alleged mistreatment of which Harge complains,

3

including his removal from certain prestigious or desirable details, increased monitoring, deflated annual evaluations, and minor disciplinary violations, did not cause "a materially adverse change in the terms and conditions of employment." *Shultz v. Congregation Shearith Israel of City of N.Y.*, 867 F.3d 298, 304 (2d Cir. 2017) (citation omitted) (explaining that an adverse employment action must be "more disruptive than a mere inconvenience or an alteration of job responsibilities" (citation omitted)). The only adverse employment actions apparent in the record are Harge's (1) failure to be promoted, (2) receipt of command disciplines ("CDs"),[1] and (3) removal from the DWI conditions post.[2]

As to these employment actions, the district court held that Harge has failed to establish a *prima facie* case of race discrimination under Title VII and § 1983 because he has not adduced either direct evidence of intent to discriminate or any evidence that "give[s] rise to an inference of discrimination." *Vega*, 801 F.3d at 87. Harge argues that this conclusion was erroneous. But even assuming *arguendo* that Harge has introduced enough admissible evidence to make out a *prima facie* case of discrimination, he has failed to rebut the Defendants' legitimate, non-discriminatory reasons for their disciplinary actions. For one, Harge admitted to the underlying conduct for several of his CDs, which undercuts his claim that the Defendants' proffered reasons for these disciplinary actions are pretextual. *See* JA-423–24 (admitting that he was unprepared for traffic

---

[1] A CD is a written reprimand corresponding to a violation of departmental rules that, if substantiated, may result in a penalty. JA-1132 ¶¶ 39–43. An officer may either accept the penalty issued for a CD, such as a loss of vacation days, or challenge it, in which case the NYPD issues charges and specifications that begin a formal administrative disciplinary process that can result in a penalty ranging from written reprimand to termination. JA-1150 ¶¶ 123–124.

[2] A conditions post is an assignment for an officer to address a particular condition in an area. *See* JA-149–51. An officer assigned to the DWI Conditions Team, for instance, is tasked with stopping intoxicated drivers, and thus may afford lesser attention to other issues that arise in the field. *See id.*

4

court in September 2014); JA-437–39 (acknowledging that he did not sign out of court in March 2013); JA-1156 ¶ 149 (conceding that he did not activate his vehicle-mounted camera on the day in August 2014 when a female motorist accused him of sexual assault).³  And Morgan removed him from the DWI conditions post as a penalty following Harge's second CD for being off-post and failing to properly sign in and out of criminal court.  JA-628, SA-1–2.  Captain John Sanford, Morgan's successor as the commanding officer of Highway Unit 3, declined to return Harge to the post "because he would disappear from his post all the time," JA-242, a contention supported by the repeated complaints from Assistant District Attorneys concerning Harge's disappearances from traffic court and lack of cooperation in prosecuting cases, JA-245–36, 631–34.  Given Harge's failure to come forward with evidence to prove that these rationales for the Defendants' actions were pretextual, we discern no error in the district court's conclusion that Harge's claim fails at the third step of the *McDonnell Douglas* inquiry, even assuming he made out a *prima facie* case.

        B.        **Hostile Work Environment**

Harge has failed to adduce evidence sufficient to create a triable issue of fact on his federal hostile work environment claim.  "[T]o establish a hostile work environment claim under Title VII, a plaintiff must produce enough evidence to show that the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment."  *Rivera v.*

---

³ Harge is also collaterally estopped from re-litigating the motive behind the several disciplinary actions that were the subject of his prior Article 78 proceedings.  *In Re Harge v. City of New York*, 122 N.Y.S. 3d 893 (Mem) (1st Dep't 2020); *see also Constantine v. Tchrs. Coll.*, 448 F. App'x 92, 93–95 (2d Cir. 2011) (summary order) (finding Article 78 proceeding to have preclusive effect as to the issues decided in that proceeding).

*Rochester Genesee Reg'l Transp. Auth.*, 743 F.3d 11, 20 (2d Cir. 2014) (internal quotation marks omitted); *see also Patterson v. Cnty. of Oneida*, 375 F.3d 206, 227 (2d Cir. 2004) (applying the same standard under § 1983). Courts consider "the totality of the circumstances, including: the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with the victim's job performance." *Rivera*, 743 F.3d at 20 (internal quotation marks and alterations omitted).

Here, Harge bases his hostile work environment claim on evidence of monitoring, undesirable work assignments, poor evaluation scores, and his receipt of disciplinary actions for repeated violations of departmental procedure. The district court aptly characterized this evidence as "borderline" with respect to whether it was sufficiently severe or pervasive to sustain his claim. *Harge I*, 2021 WL 3855305, at *16–17. More importantly, however, the record does not support the claim that this workplace environment was a byproduct of racial animus. *See Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001) ("[M]istreatment at work, whether through subjection to a hostile environment or through [other means], is actionable under Title VII only when it occurs because of an employee's . . . protected characteristic."). The record contains evidence of episodic racially biased comments. *See* JA-917, 938. But, "[f]or racist comments, slurs, and jokes to constitute a hostile work environment, there [generally] must be more than a few isolated incidents of racial enmity[.]" *Schwapp v. Town of Avon*, 118 F.3d 106, 110 (2d Cir. 1997) (internal quotation marks and citation omitted). The district court did not err in concluding that a reasonable jury, viewing this evidence in its totality, could not find that Harge was subject to a hostile work environment because of his race.[4]

---

[4] The district court also entered summary judgment on Harge's retaliation claims pursuant to Title VII and § 1983. Harge has failed to preserve these claims for review by failing to address them on appeal.

6

## II. NYCHRL Claims

Although we conclude that the district court correctly entered summary judgment in the Defendants' favor on Harge's federal claims, his city claims are governed by different legal standards. *See Ya-Chen Chen v. City Univ. of N.Y.*, 805 F.3d 59, 75 (2d Cir. 2015) ("[C]ourts must analyze NYCHRL claims separately and independently from any federal and state law claims, construing [its] provisions broadly in favor of discrimination plaintiffs to the extent that such a construction is reasonably possible." (internal quotation marks and citation omitted)). Unlike its federal analog, "the NYCHRL does not require either materially adverse employment actions or severe and pervasive conduct" to state an actionable discrimination claim; rather, an employee must simply be treated "less well" due to a protected characteristic, such as race. *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 114 (2d Cir. 2013) (citation omitted).

Here, after concluding that Harge had failed to present sufficient evidence of discriminatory intent with respect to the actions that constituted adverse employment actions under federal law, the district court failed to discuss the possibility that lesser instances of disparate treatment may be actionable under the NYCHRL. Moreover, the district court lumped together the federal hostile work environment claim with a possible parallel claim under the NYCHRL, without recognizing that conduct that was insufficiently pervasive to violate federal law might constitute a violation of city law. The dismissal of Harge's city claims was therefore error.

---

*See Coal. on W. Valley Nuclear Wastes v. Chu*, 592 F.3d 306, 314 (2d Cir. 2009) ("We find that Appellant's two-sentence legal analysis in their opening brief is insufficient to preserve this issue for appellate review."); *Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (deeming applicant's "claim abandoned" where he raised an issue in "only a single conclusory sentence"). For the same reason, Harge has also abandoned his retaliation claim under the NYCHRL.

7

Rather than remand for the district court to address those claims on the merits, however, we think that, absent a live federal claim, the questions posed by Harge's city discrimination claims are "best left to the courts of the State of New York," should Harge seek to pursue them further. *Giordano v. City of New York*, 274 F.3d 740, 754 (2d Cir. 2001). We therefore remand Harge's NYCHRL claims with instructions to the district court to dismiss them without prejudice. *See Oneida Indian Nation of N.Y. v. Madison Cnty.*, 665 F.3d 408, 437, 439-40 (2d Cir. 2011) ("[W]e have repeatedly said that if a plaintiff's federal claims are dismissed before trial, the state law claims should be dismissed as well." (internal quotation marks and citation omitted)).

\* \* \*

We have considered Harge's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court as to Harge's federal claims, **VACATE** the district court's judgment as to Harge's city-law claims, and **REMAND** to the district court with instructions to dismiss the remaining claims without prejudice to their being brought in an appropriate state forum.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit